UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LOUISIANA FARM BUREAU MUTUAL        CIVIL ACTION NO. 17-cv-1386
INSURANCE CO.

VERSUS                              CHIEF JUDGE HICKS

WHIRLPOOL CORP.                     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Louisiana Farm Bureau Mutual Insurance Company ("Farm Bureau") filed this subrogation action in state court against Whirlpool Corporation ("Whirlpool") to recover amounts that Farm Bureau paid one of its insureds after a house fire. Whirlpool removed the case based on an assertion of diversity jurisdiction. Farm Bureau promptly filed a Motion to Amend Complaint (Doc. 13) and Motion to Remand (Doc. 15) that are before the court. Farm Bureau asks to dismiss one of its claims for admitted lack of merit, and it argues that the elimination of the claim requires remand because it reduces the amount in controversy below $75,000. For the reasons that follow, it is recommended that Farm Bureau's motions be granted.

**Relevant Facts**

Farm Bureau alleged in its state court petition that it insured the home of Kenneth Watson, and the home suffered extensive fire damage after a Roper brand dryer manufactured by Whirlpool caught fire. Farm Bureau alleged that it paid certain amounts

to Mr. Watson and that it is legally and conventionally subrogated to his rights to seek recovery of those amounts from Whirlpool on the grounds that the dryer was defective.

Farm Bureau alleged in its petition that it paid Mr. Watson $58,890.02 for property damage to the structure and $15,000 for damage to contents, for a total of $73,890.02. Petition, ¶ 13.  Farm Bureau alleged that it had the right to recover from Whirlpool those amounts "paid to date, in addition to any other sums it may be required to pay under said policy in the future."  ¶ 14.  Farm Bureau then added that "*Kenneth Watson* is entitled to collect FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS, which he has been required to pay under the deductible portion of said policy." ¶ 15 (Italics added.)  Farm Bureau then stated that Whirlpool was indebted to Farm Bureau for the full sum of $78,890.02, "in addition to any other sums [Farm Bureau] may be required to pay in the future pursuant to the policy at issue to Kenneth Watson."  ¶ 16.

Whirlpool filed a notice of removal based on diversity jurisdiction.  In satisfaction of the amount in controversy element, Whirlpool pointed to Farm Bureau's demand for more than $75,000 in damages.  About a month after removal, Farm Bureau filed its motion for leave to amend and asked to strike the paragraph of its petition where it sought to recover Mr. Watson's $5,000 deductible.  Farm Bureau filed its motion to remand that same day and explained in it that the removal of that paragraph "corrects the amount in controversy" and changes it to $73,890.02.

Farm Bureau requested remand on the grounds that the court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000.  The insurer pointed out that it is the sole plaintiff in this case, asserted that the original demand for

$5,000 was in error, and said that the claim for the $5,000 deductible "is specific to Kenneth Watson, who is not a Plaintiff herein." Farm Bureau admitted that it "has no legal right to claim the deductible paid by Kenneth Watson." It urged that the true amount in controversy is and has always been $73,890.02.

Whirlpool filed a single response (Doc. 17) to both motions. It stated that it does not oppose the requested amendment "unless this amendment is intended to create an argument that the Court lacks subject matter jurisdiction as a result of the amendment." The motion to remand shows that is the case. Whirlpool argues that the amendment does not deprive the court of subject matter jurisdiction because (1) the amount in controversy was determined by the amount claimed in good faith by Farm Bureau at the time of removal, (2) the prayer for unspecified future sums that might have to be paid under the policy must be considered, and (3) Farm Bureau's request for an award of expert witness fees must be considered.

**The Amount Claimed**

The district courts have original jurisdiction over civil actions where there is diversity of citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Subject to some exceptions, any civil action brought in a state court of which the district courts have original jurisdiction may be removed by a defendant. 28 U.S.C. § 1441(a). If removal is sought on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" except that the notice of removal may assert the

amount in controversy in certain circumstances, such as when the original petition does not demand a specific sum.  28 U.S.C. § 1446(c)(2).

The statutory provision regarding the amount in controversy in removal cases was enacted in 2011.  It is consistent with the long-standing jurisprudential rule that where a plaintiff has alleged a sum certain that exceeds the requisite amount in controversy "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indemnity Co. v. Red Cab Co., 58 S.Ct. 586, 590 (1938).  It is also the general rule that the "jurisdictional facts that support removal must be judged at the time of the removal." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).  And a post-removal amendment to a complaint to limit damages for jurisdictional purposes does not strip the district court of subject matter jurisdiction.  Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995); Jones v. Compass BancShares, Inc., 339 Fed. Appx. 410, 410-11 (5th Cir. 2009).

If, however, a claim asserted by a plaintiff does not have a good-faith basis, courts have excluded the amount or value of that claim when assessing the amount in controversy. Bailey v. U.S. Fidelity and Guaranty Co., 181 F.3d 96 (5th Cir. 1999) (unpublished) (multi-million dollar claim for punitive damages was frivolous and lacked a good-faith basis necessary to fulfill the amount in controversy requirement); Watring v. SunTrust Mortgage, Inc., 2016 WL 5340548, *4 (N.D. Ga. 2016) (claim that had no basis under state law was not considered in the amount in controversy), and Thomas v. State Farm Mut. Auto Co., 2009 WL 3379063 *2 (S.D. Ga. 2009) (claim for punitive damages was not allowed by state law so it did not enter the amount in controversy calculation).  Similarly, a federal

court may lack jurisdiction despite a demand made by the plaintiff if it appears "to a legal certainty" that the claim is really for less than the jurisdictional amount. St. Paul Mercury, 58 S.Ct. at 590; St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

Farm Bureau concedes that there is no legal or factual basis for it to assert the $5,000 deductible claim. Any claim for that amount belongs to Mr. Watson, and he is not a party to this case. There is no suggestion that Mr. Watson has assigned his right to that claim to Farm Bureau or that the insurer is otherwise legally able to recover that amount from Whirlpool. There is, therefore, no good-faith basis for the claim, and it is legally certain that Farm Bureau cannot recover that $5,000. Accordingly, that amount should not be taken into consideration when assessing the amount in controversy in this case.

**Potential Future Payments**

Whirlpool, as the removing party, bears the burden of showing the amount in controversy. It attempted to meet that burden by pointing to the allegations of Farm Bureaus that it seeks recovery of any additional sums that it may later be required to pay under the policy. Neither party has presented or alleged facts that suggest there is any significant likelihood that Farm Bureau will actually pay Mr. Thomas additional amounts under the policy. Perhaps that will turn out to be the case, but this record contains not one fact to suggest that it is.

Such a purely speculative claim does not suffice to meet Whirlpool's burden with respect to the amount in controversy. Scarlott v. Nissan N. Am., Inc., 771 F.3d 883, 890 (5th Cir. 2014) (speculative claim for lost profits did not raise the amount in controversy

above the jurisdictional requirement). If, after remand, Farm Bureau were to file an amended petition or otherwise submit a demand for reimbursement of additional amounts paid under the policy that brought the total amount to more than $75,000, Whirlpool could make a second attempt at removal based on those newly-acquired facts. SWS Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 493-94 (5th Cir. 1996).

**Expert Witness Fees**

Farm Bureau's petition alleged that expert witnesses may be needed at trial, and it made a request that their fees be taxed as court costs. Such fees may be significant costs in state court, but when a Louisiana tort case is decided in federal court under diversity jurisdiction, Erie principles limit expert witness costs to the standard witness stipend of $40 per day plus mileage (and sometimes lodging and airline expenses). Cates v. Sears, Roebuck & Co., 928 F.2d 679, 688 (5th Cir. 1991). Furthermore, Section 1332 requires that the matter in controversy exceed $75,000 "exclusive of interest and costs." Accordingly, the request for an award of costs for expert witness fees does not factor into the amount in controversy. Evans v. Family Dollar Store, 2006 WL 220841, *2 (W.D. La. 2006).

Accordingly,

**IT IS RECOMMENDED** that Farm Bureau's **Motion to Amend Complaint (Doc. 13)** and **Motion to Remand (Doc. 15)** be **granted** and that this case be remanded to the 26th Judicial District Court, Webster Parish, Louisiana, where it was pending as case No. 76523.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of January, 2018.

Mark L. Hornsby
U.S. Magistrate Judge